# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY R. WERNER, | : CIVIL ACTION NO.: 20-1176-LPS |
| *Plaintiff*, | : |
| v. | : |
| HIVE MEDIA GROUP, LLC, and KIPZO, LLC, | : JURY TRIAL DEMANDED |
| *Defendants.* | : |

### PLAINTIFF'S BRIEF IN OPPOSITION TO
### DEFENDANTS' MOTION TO TRANSFER VENUE

**IGWE & SHARMA, LLC**

Aman K. Sharma, Esquire
1201 North Orange St. Suite 502,
Wilmington, DE 19801
(302) 842-2470
aman@igwesharma.com
*Attorneys for Plaintiff*

Appearing pro *hac vice*:
**SPECTOR GADON ROSEN VINCI, P.C.**
Bruce Bellingham, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8916
bbellingham@sgrvlaw.com

December 22, 2020

TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDING ................................................................. 1
II.  SUMMARY OF THE ARGUMENT ..................................................................................... 2
III. LEGAL STANDARD............................................................................................................. 2
IV.  ARGUMENT.......................................................................................................................... 3
     A.   The *Jumara* Factors Favor Retaining the Case in Delaware ................................. 3
          1. Private Interest Factors ................................................................................... 4
          2. Public Interest Factors................................................................................... 12
V.   CONCLUSION .................................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**

*Abraxis Bioscience, LLC v. HBT Labs, Inc.*,
    2019 WL 2270440 (D. Del. May 28, 2019) .................................................................. 7

*ADE Corp. v. KLA-Tencor Corp.*,
    138 F. Supp. 2d 565 (D. Del. 2001) ...................................................................... 5, 9

*AIP Acquisition LLC v. iBasis, Inc.*,
    2012 WL 5199118 (D. Del. Oct. 19, 2012) ............................................................ 7

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co., Inc.*,
    2006 WL 3783477 (D.Del. Dec.21, 2006) ............................................................ 13

*Autodesk Canada Co. v. Assimilate, Inc.*,
    2009 WL 3151026 (D. Del. Sept. 29, 2009) .......................................................... 9

*C. R. Bard, Inc. v. Angiodynamics, Inc.*,
    156 F. Supp. 3d 540 (D. Del. 2016) ...................................................................... 5

*Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*,
    2020 WL 2309073 (D. Del. May 8, 2020) ....................................................... 7, 10

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
    2001 WL 1617186 (D. Del. Nov. 28, 2001) ......................................................... 4

*Devicor Med. Products, Inc. v. Biopsy Scis., LLC*,
    2013 WL 1628644 (D. Del. Apr. 15, 2013) .......................................................... 8

*Hologic, Inc. v. Minerva Surgical, Inc.*,
    163 F. Supp. 3d 118 (D. Del. 2016) ...................................................................... 4

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
    797 F. Supp. 2d 472 (D. Del. 2011) ...................................................................... 6

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ............................................................................... 3, 4

*Kabushiki Kaisha v. Davidson*,
    595 F. Supp. 2d 363 (D. Del. 2009) .................................................................... 11

*L'Athene, Inc. v. Earthspring LLC*,
    570 F. Supp. 2d 588 (D. Del. 2008) ...................................................................... 2

*MEC Res., LLC v. Apple, Inc.*,
  269 F. Supp. 3d 218 (D. Del. 2017) ............................................................................................ 8

*Praxair, Inc. v. ATMI, Inc.*,
  2004 WL 883395 (D. Del. Apr. 20, 2004) ................................................................................. 6

*Round Rock Research, LLC v. Dell, Inc.*,
  904 F. Supp. 2d 374 (D. Del. 2012) ......................................................................................... 13

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970). ....................................................................................................... 2

*Smart Audio Techs.*,
  910 F. Supp. 2d 718 (D. Del. 2012); ........................................................................... 4, 5, 9, 15

*Tsoukanelis v. Country Pure Foods, Inc.*,
  337 F.Supp.2d 600 (D.Del.2004) ............................................................................................... 1

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
  157 F.R.D. 215 (D. Del. 1993) ............................................................................................. 5, 11

**Other Authorities**

28 U.S.C § 1404(a) ......................................................................................................................... 4

28 U.S.C. § 1404(a) .................................................................................................................... 2, 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY R. WERNER, | : CIVIL ACTION NO.: 20-1176-LPS |
| *Plaintiff*, | : |
| v. | : |
| HIVE MEDIA GROUP, LLC, and KIPZO, LLC, | : JURY TRIAL DEMANDED |
| *Defendants.* | : |

**PLAINTIFF'S BRIEFF IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff, Jeffery R. Werner ("Werner"), files the following Opposition to Defendants' Hive Media Group, LLC's ("Hive") and Kipzo, LLC's Motion to Transfer Venue.

**I.      NATURE AND STAGE OF THE PROCEEDING**

Mr. Werner has nearing 40 years of experience as a professional photographer. His work has appeared in magazines world-wide as covers, features, and editorial coverage in publications such as *Life, Time, Newsweek, People, National Enquirer, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse, Psychology Today, Der Stern, Country Weekly, Page Six Sunday Magazine* (*NY Post*), and many others. He has published two coffee-table books of photographs. Mr. Werner's work was the subject of a retrospective gallery exhibition at the Annenberg Space for Photography in Los Angeles. *See* Declaration of Jeffery R. Werner at ¶ 2

Werner registered as Vau 1-276-595, Vau 1-253-880, VA 1-803-445, and VA 1-917-856 his copyrights in four works consisting of multiple images. His Complaint alleges that Websites owned by Hive copied Werner's images 66 times and displayed them 33 times. *See* Exhibit 1 to Declaration of Bruce Bellingham.

1

Defendant Kipzo, LLC, is likely to be dismissed from this action.[1] *See* Declaration of Bruce Bellingham at ¶¶ 6-9.

## II.  SUMMARY OF THE ARGUMENT

Hive's principal reason for moving to transfer venue is that it would prefer to litigate in the Southern District of California because its "long-term counsel MSK, is based in Los Angeles, California, and has attorneys admitted in the Southern District of California."  Decl. of Matthew Williams at ¶ 9.  None of the relevant factors support the motion.

## III.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Hive, as movant, bears the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3d Cir. 1970). "[U]nless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id*.; *L'Athene, Inc. v. Earthspring LLC,* 570 F. Supp. 2d 588, 592 (D. Del. 2008)(defendant seeking transfer "has the burden of establishing that 'the balance of convenience of the parties and witnesses strongly favors' the defendant," and therefore "must prove that litigating in the selected forum would pose a unique or unusual burden on [its] operations.")  In the Third Circuit, district courts weigh the so-called *Jumara*

---

[1] Kipzo, LLC was named as a defendant because Trendchaser.com listed it in the Copyright Office's DMCA Register of Designated Agents as its service provider (i.e., the owner or operator) and Hive as the designated agent only.  https://dmca.copyright.gov/ osp/publish/history.html?search= Kipzo&id=1dbe60138b4ba7711db6d 4f70c180a6d.  In discussion among counsel on November 16, 2020 defense counsel stated that Kipzo, LLC should not be a defendant because it was a subsidiary of Hive, the owner of all the sites.  Plaintiff's counsel responded that Werner would dismiss Kipzo, LLC, if Hive stipulated that it, not Kipzo, LLC, owned Trendchaser.com.  On December 1, 2020, Plaintiff's counsel followed up with an email message to Defendants' counsel stating, "By the way, if you will confirm that Hive Media, not Kipzo, LLC, owns Trend-Chaser.com I will dismiss Kipzo."  Defense counsel has never responded to that message. *See* Declaration of Bruce Bellingham.  It appears that defendants seek to keep Kipzo, LLC in the case, temporarily, to create the illusion of inconvenience to two California defendants.

factors, a non-exhaustive set of public interest and private interest factors. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3d Cir. 1995).

## IV.   ARGUMENT

### A.   The *Jumara* Factors Favor Retaining the Case in Delaware

Hive moves to transfer the case to the District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).[2] On a motion to transfer venue for convenience under 28 U.S.C. § 1404(a), "[t]he burden of establishing the need for transfer[] rests with the movant," and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Third Circuit has identified a set of private interest and public interest factors for courts to consider. *See Jumara* at 879–80. The private interest factors to consider include: (1) "the plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."

The public interest factors to consider include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id*. (internal citations omitted).

---

[2] Both the District of Delaware and the Southern District of California are courts of competent jurisdiction for the case.

1. **Private Interest Factors**

Keeping in mind the ultimate burden of defendants to show a unique or unusual burden posed by litigating in Delaware, the private interest factors to be considered in determining whether to transfer venue here favor retaining the case in Delaware, and certainly do not "strongly favor" moving the case to the Southern District of California.

**Plaintiff's Choice.** The first and second factors are the parties' choice of forum. Plaintiff's choice of forum is Delaware, and as noted above, "courts normally defer to a plaintiff's choice of forum." *Jumara*, 55 F.3d at 880; *Shutte,* 431 F.2d at 25 (3d Cir. 1970)("[A] plaintiff's choice of a proper forum is a paramount consideration" and "should not be lightly disturbed.") Hive argues that Werner's choice of venue is entitled to "little weight" because he is not a citizen of Delaware. Brief at 6. That is not the law. A plaintiff always "has the privilege of initiating its litigation in the forum it chooses. The purpose of § 1404(a) is not to usurp plaintiff's choice, but to give courts the discretion to transfer if the interests of justice so dictate." *Hologic, Inc. v. Minerva Surgical, Inc.,* 163 F. Supp. 3d 118, 120 (D. Del. 2016).

Where a plaintiff chooses a Delaware forum for "rational and legitimate reasons[,]" despite the fact that the forum is not its state of incorporation or its principle place of business, that choice is afforded "significant deference." *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 727,729 (D. Del. 2012); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) ("The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason and the burden [to transfer] remains at all times on the defendants[.]") (quotes and citation omitted).

One rational reason for bringing the action in Delaware is that Hive is a Delaware corporation and "[a] party's state of incorporation is a traditional and legitimate venue[.]" *C. R. Bard, Inc. v. Angiodynamics, Inc*., 156 F. Supp. 3d 540, 545 (D. Del. 2016). Plaintiff brought the action in the infringer's state of incorporation.  Doing so "has always been 'a predictable, legitimate venue for bringing suit' and [] 'a plaintiff, as the injured party, generally ha[s] been accorded [the] privilege of bringing an action where he chooses.'" *Id*. at 544 (citations omitted); *Hologic, Inc*., 163 F. Supp. 3d at 120 ("A defendant's place of incorporation is always an appropriate forum in which to sue that defendant."); *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc*., 157 F.R.D. 215, 218 (D. Del. 1993) (advising corporation's should expect "to respond to litigation both at their principal place of business and in their state of incorporation").

A second rational reason is that this Court is well equipped to handle and resolve copyright infringement disputes. *ADE Corp. v. KLA-Tencor Corp*., 138 F. Supp. 2d 565, 572 (D. Del. 2001) (discussing Delaware courts' experience and established practices for resolving typically arising issues as considerations making it an appropriate forum for handling patent infringement claims). The Delaware District Court is an established and preferred forum to resolve a wide range of intellectual property infringement disputes, not just patent cases. Plaintiff's rational choice of this appropriate forum supports maintaining this action in Delaware.

This Court described the rational reasons analysis which determines whether the plaintiff's choice is entitled to significant deference:

> Even if Delaware were not considered to be among IV's "home turf," IV nevertheless had a legitimate and rational basis for suing Defendants in Delaware. IV, as well as its predecessors-in-interest and the Fund, have all chosen to avail themselves of the rights, benefits, and obligations that Delaware law affords.… Additionally, each of the Defendants have sold or offered for sale their accused products and services in Delaware. There is no dispute that this District has personal jurisdiction over all Defendants. Given these legitimate and rational reasons for suing in Delaware, Plaintiff's choice of Delaware as its preferred

5

>   forum is entitled, at minimum, to "significant deference." *Mallinckrodt*, 670
>   F.Supp.2d at 356; see also *Angiodynamics*, 2010 WL 3037478, at *2 ("The
>   movant's burden in overcoming the plaintiff's choice of forum is ***somewhat
>   lessened*** where, as here, the plaintiff has not filed suit in its 'home turf.' ... [T]he
>   Court still accords Plaintiff's choice of forum ***substantial weight*** because the
>   choice of this forum relates to Plaintiff's legitimate, rational concerns as a
>   Delaware corporation.") (emphasis added).

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 480-81 (D. Del. 2011). All of those reasons apply to our case: Hive is a Delaware entity, it admits that it publishes its website content to the entire world, including Delaware; and it does not dispute personal jurisdiction in this Court. In addition, Delaware is a particularly good venue for deciding intellectual property claims against a Delaware corporation.[3]

**Defendant's Preference**. While Hive's preferred forum is the Southern District of California, that factor is overshadowed by the fact that Hive is incorporated in Delaware. Hive is as fully "at home" in Delaware as in California. *Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004) ("By availing themselves of the advantages of Delaware's corporate laws, defendants have voluntarily exposed

---

[3] Hive cites three cases that granted transfer motions opposed by plaintiffs without ties to Delaware. All are distinguishable. *MoneyCat Ltd v. PayPal Inc*., 2014 WL 2042699 (D. Del. May 15, 2014) involved a foreign plaintiff with no presence in any American state who preferred a Delaware forum because it was five hours closer to Israel by air flight than the alternative forum. That convenience was not a rational reason. *Joseph v. Buffalo News, Inc*., 2017 WL 3314006, at *1 (D. Del. Aug. 3, 2017) involved a California author suing a Buffalo, NY newspaper for failing to pay for a piece *appearing in Buffalo NY only*, where the plaintiff's reason for preferring Delaware were his own travel convenience and the ease of visiting his son in Washington, D.C. *Joseph* is distinguishable because the defendant's business was local, the claim arose in Buffalo, and the plaintiff did not have a rational reason for electing Delaware. *See Intellectual Ventures I LLC*, 797 F. Supp. 2d at 480-81 ("[u]nless the defendant is 'truly regional in character' . . . transfer is almost always inappropriate."). *OpenTV, Inc. v. Netflix, Inc*., 2014 WL 1292790 (D. Del. Mar. 31, 2014) held that "the parties' forum choice weighs slightly in favor of transfer" where both were located in California, but that holding was distinguished in *Elm 3DS Innovations LLC v. SK Hynix Inc*., 2015 WL 4967139, at *8 (D. Del. Aug. 20, 2015) because the defendant's invalidity defense to the patent infringement claim depended on testimony from non-party witnesses located in California with whom the defendant had no relationship. Hive has no comparable rationale for evading suit in its home state of incorporation.

themselves to the risk of suit in Delaware. Consequently, as a matter of law and contrary to defendants' assertions, Delaware is both parties' 'home turf.'" ); *AIP Acquisition LLC v. iBasis, Inc.*, 2012 WL 5199118, at *4 (D. Del. Oct. 19, 2012) (finding "it significant that [the defendant] is a Delaware corporation and has necessarily consented to suit in this jurisdiction"); *Intellectual Ventures*, 842 F. Supp. 2d at 756 (same).  "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Abraxis Bioscience, LLC v. HBT Labs, Inc.*, 2019 WL 2270440, at *3 (D. Del. May 28, 2019) (citation omitted).

The only valid basis on which a Delaware corporation can plausibly argue that the interests of justice would be undermined by suit in Delaware is if its business is restricted to a narrow locale.  *Intellectual Ventures I LLC*, 797 F. Supp. 2d at 480-81 ("[u]nless the defendant is 'truly regional in character' . . . transfer is almost always inappropriate.")  Hive admits that it does business throughout the world.

**Claims Arising Elsewhere.**  The third factor, whether the claim arose elsewhere, is neutral.  The claim is of copyright infringements published on the internet.  The claim "arose" throughout the world.  When an "infringement action operates on a national or global level, this factor is typically neutral." *Smart Audio Techs.*, 910 F. Supp. 2d at 730; *Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*, 2020 WL 2309073, at *7 (D. Del. May 8, 2020) ("Where the 'claim' arose is where the conduct giving rise to an infringement claim arose. According to Citrix, that conduct happened throughout the world, including presumably in this district and in Texas."); *Devicor Med. Products, Inc. v. Biopsy Scis., LLC*, 2013 WL 1628644, at *4 (D. Del.

Apr. 15, 2013) ("This factor may be neutral where the defendant in a patent infringement suit operates broadly, as the infringement can be viewed as occurring in many districts.").

Hive admits facts showing that Werner's claims did not arise in California. Brief at 4 ("Any articles published on the Websites are equally accessible from anywhere in the world.") The fact that Hive has an office in the Southern District of California is irrelevant to where Werner's claim arose.[4]

**Convenience of the Parties.** The fourth factor is the convenience of the parties as indicated by their relative physical and financial condition. In assessing this factor, courts consider the parties' physical location, the associated costs to the parties' employees in traveling to Delaware for litigation purposes, and the relative ability of each party to bear these costs in light of its size and financial wherewithal. *MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 225 (D. Del. 2017). However, this is not generally treated as an important factor is assessing the interests of justice. *Cypress Semiconductor*, 2001 WL 1617186, at *3 (finding convenience to be "a somewhat archaic notion" in the modern era of travel and technology); *Wesley-Jessen Corp.*, 157 F.R.D. at 218 (rejecting convenience arguments where defendant was a "substantial

---

[4] Hive argues, with telling equivocation, that the claim arose "if anywhere" in the Southern District of California because (1) it is alleged to own the websites where the accused works were published and (2) it has an office there. Brief at 7. *Joseph* 2017 WL 3314006, at *1 offers no support because it involved a publication in a local newspaper whereas Hive admits publishing throughout the world. In *Memory Integrity, LLC v. Intel Corp*., 2015 WL 632026, at *4 (D. Del. Feb. 13, 2015) the defendant admitted that "specific cache coherence technology of the accused products…is the result of work done in Oregon…") Hive does not likewise admit that it created the accused works at its office in California, that it published them from a server located in California, or that it copied unlicensed images to a server located in California. In *OpenTV, Inc. v. Netflix, Inc.*, 2014 WL 1292790, at *2 (D. Del. Mar. 31, 2014) the court held that "a claim for patent infringement arises wherever someone has committed acts of infringement, which in this case can be viewed as occurring in all districts…" Nonetheless, it found that the defendant's admission that "[a]ll of the accused Netflix functionality was designed and developed by Netflix in the Northern District of California" weighed in favor of transfer. *Id.* The decision focused on unavailable third-party witnesses, which is not relevant in our case, and because Hive has not similarly admitted that it created the accused works at its office in California, that it published them from a server located in California, or that it copied unlicensed images to a server located in California.

8

corporation that operates in the national market place … [and] has not … identif[ied] any unique … burden that this litigation places on its business operations.").

This factor weighs against transfer as Delaware is equally convenient to both parties and is inconvenient to neither, and Hive has financial resources vastly superior to Werner's. Werner is an individual photographer who has operated a photo-feature syndication service, Incredible Features, Inc., since 1985. He contracts with a licensing agent and has typically employed one part-time employee. His business has been injured by widespread infringement since approximately 2014. It would be more convenient for Werner to litigate in Delaware because the attorneys of his choice are in Philadelphia, Pennsylvania, and in Delaware. *See* Declaration of Jeffery R. Werner.

The convenience to Hive should be given no weight because it is organized under Delaware law. "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). This Court has held that a corporation formed in Delaware, but headquartered in California, does not suffer an unusual burden if required to litigate in Delaware sufficient to justify transfer because it has the resources and ability to defend a lawsuit in Delaware. *Autodesk Canada Co. v. Assimilate, Inc.*, 2009 WL 3151026, at *8 (D. Del. Sept. 29, 2009). There is no contention that Hive will be prejudiced by its inability to produce any needed evidence in Delaware. ("While Assimilate's documents are located in California, Assimilate does not suggest that it would be difficult to produce these documents in Delaware.") Hive is, on information and belief, an international internet publisher with offices in California and Israel with approximately 57 employees and annual revenue of approximately $8.3 million. https://growjo.com/company/Hive_Media_Group  It has not shown

that it cannot afford to litigate in its state of incorporation. Indeed, the *opportunity* to litigate in Delaware is one of the reasons corporations form in Delaware. *ADE Corp.*, 138 F. Supp. 2d at 572 (D. Del. 2001)("one aspect of a company's decision to incorporate in Delaware is that under our jurisdictional and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in this state for the purposes of resolving this type of commercial dispute.")

Defendant's complaints of travel burden are meritless. Defendant can defend itself almost entirely remotely – especially under current Covid-19 circumstances – and will only need to send a representative to Delaware for trial. *Textron Innovations, Inc*., 2005 WL 2620196, at *2 ("[A] flight to Delaware is not an onerous task warranting transfer").

**Convenience of the Witnesses.** Hive complains that "[h]aving to travel to Delaware for trial, hearings, and depositions would also be inconvenient and disruptive for Defendants' employees who might serve as witnesses in this matter." Brief at 4. It fails to recognize that the convenience to witnesses analysis focusses on "the extent that the witnesses may actually be unavailable for trial in one of the fora[.]" *Jumara*, 55 F.3d at 879; *Intellectual Ventures*, 842 F. Supp. 2d at 758 (explaining the touchstone is "ensuring that witnesses come to Delaware to testify at trial") (emphasis in original). Defendant fails to identify a single witness it believes will resist appearing at trial, and there are not likely to be any third-party witnesses. see also *Cypress Semiconductor*, 2001 WL 1617186, at *4 (finding the defendant's arguments unpersuasive due to a lack of "any identifiable obstacle in obtaining personal jurisdiction over a third party witness"); *ADE Corp*., 138 F. Supp. 2d at 570–71 (refusing to transfer a case by "starting with a presumption that witnesses may not appear"); *Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*, 2020 WL 2309073, at *7 (D. Del. May 8, 2020)("But Parallel has not made an argument that any of those potential witnesses are *unavailable* in Delaware.")(original emphasis).

While convenience in the colloquial sense is not the focus of this analysis, courts recognize that "technological advances have substantially reduced the burden of having to litigate in a distant forum." *Wesley–Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D.Del.1993). Given current technology, the only relevant witness convenience is the convenience of giving trial testimony. *ADE Corp*, 138 F. Supp. 2d at 573 (D. Del. 2001) ("Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant, is not overly burdensome.")

**Location of Books and Records.** Courts consider "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879. The focus is on the limitation. *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F.Supp.2d 600, 604 (D.Del.2004) ("This court ... has denied motions to transfer venue when the movants were unable to identify documents and witnesses that were unavailable for trial."); *Intell. Ventures I LLC*, 797 F. Supp. 2d at 485 ("The Court agrees with these cases explaining that technological advances, absent unusual circumstances, have significantly reduced the burden of transferring evidence, and, consequently, have greatly diminished this as a factor in a transfer analysis. Here, then, the location of relevant evidence favors transfer, but only slightly."); *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 372 (D. Del. 2009)("The Court also notes that Arxceo's books and records are located in Alabama, however, the Court is less inclined to give this factor significant weight in light of the current state of technology."); *Hologic, Inc.*, 163 F. Supp. 3d at 120 & n.1 ("I have declined to transfer based on [this factor] as discovery is a local event."). As Hive has not established that any books and records cannot be produced at trial, this factor is neutral.

**2.     Public Interest Factors**

**Enforceability of the judgment.**  This factor is neutral as judgment is either forum will be enforceable.

**Practical considerations that could make the trial easy, expeditious, or inexpensive.**  This factor is neutral as a trial would be easy and expeditious in either forum.  It would be no more expensive for Hive to go to trial with its current lead counsel located in its Washington D.C. office than for it to go to trial in San Diego with its regular counsel located in Los Angeles.  It would be significantly more expensive for Werner to go to trial in Los Angeles with its lead counsel located in Philadelphia.  However, those expenses cannot alter the analysis.

**Relative administrative difficulty in the two fora resulting from court congestion.**  This factor is neutral.  Generally, "disparity in court congestion, to the extent there is any, will [not] be so great as to weigh strongly in favor of a transfer." *Textron Innovations, Inc.*, 2005 WL 2620196, at *3. The relevant statistic for assessing court docket burden is the median time from filing to case resolution.  *Autodesk Canada Co.*, 2009 WL 3151026, at *9.  The Federal Court Management Statistics show the median time interval from filing to disposition in in a civil case in the twelve months ending June 30, 2020 was 5.7 months in this District and 6.2 months in the Southern District of California.  For the small number of cases that go to trial, the median time interval from filing to trial was 38.5 months in this District and 32.2 months in the Southern District of California.  https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2020/06/30   There is no significant difference between the two courts. *See* Declaration of Bruce Bellingham at Exhibit "B."

**Local interest in deciding local controversies at home.**  This factor is neutral as no local controversies are involved.  This case involves allegations of copyright infringements

published throughout the country and the world. California has no special interest. *Praxair, Inc.*, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004)("the court does not find that New York state has a special interest in the outcome of the litigation. Patent cases are explicitly federal issues and the rights determined thereunder are national in scope."); *Smart Audio Techs.*, 910 F. Supp. 2d at 734 ("This is a lawsuit governed by federal law, brought against a multinational corporation, and concerning a product that is [accessible] nationwide. It is truly a national controversy and, as such, the court finds that this factor is neutral.").

If either court has a special interest, the crucial fact is that Hive is incorporated in Delaware. Delaware has an interest in addressing lawsuits brought against Delaware corporations because its policy encourages Delaware corporations to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc*., 904 F. Supp. 2d 374, 378 (D. Del. 2012). Nor can it be any surprise to Hive that it is being sued in its home jurisdiction. "Having received the benefits of Delaware incorporation, a defendant cannot now complain that another corporation has chosen to sue it here." *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co., Inc*., 2006 WL 3783477, at *2 (D.Del. Dec.21, 2006).

**Familiarity of the trial judge with the applicable state law in diversity cases.** This factor is irrelevant in a federal cause of action.

## V.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court enter the attached proposed order denying Defendants' Motion to Transfer Venue.

Respectfully submitted,

**IGWE & SHARMA, LLC**

/s/ Aman K. Sharma
Aman K. Sharma, Esquire
1201 North Orange St. Suite 502,
Wilmington, DE 19801
(302) 842-2470
aman@igwesharma.com
*Attorneys for Plaintiff*

Appearing pro *hac vice*:
**SPECTOR GADON ROSEN VINCI, P.C.**
Bruce Bellingham, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8916
bbellingham@sgrvlaw.com

December 22, 2020
